Mr. Chief Justice Johxson, delivered the opinion of the court. The question first presented relates to the propriety of the decision of the Circuit Court in refusing to admit the affidavit of Edward N. Kellogg in evidence. The affidavit appears to have been taken before an individual fully competent to administer oaths, and the authentication is believed to be iii sfrict accordance with the law. It does not appear upon what ground the affidavit was rejected, but we suppose it was for the circumstance that it was taken ex ■parte. The 112th Sec. of the 126th Chapter of the Digest provides that “ whenever a party to any suit shall have been permitted to prove by his own oath the loss of any instrument of writing, in order to admit of other proof ofits contents, the adverse party may also be examined by the court on oath, to disprove its loss, and account for such instrument.” The affidavit contemplated by this statute is no part of the proof in the cause, but is merely designed to establish the fact of the loss of the instrument in order to lay the foundation for the introduction of testimony going to the merits of the matter in controversy.— We consider it cleat that the act does not require a dedimus and notice to the adverse party simply to establish the fact of the loss, but that on the contrary, such proof may be made ex parte, and that the only privilege secured to the defendant in respect to it is in case he shall desire- it, to be examined by the Court on oath to disprove its loss, and to account for such instrument. The Court below consequently erred in rejecting the affidavit. The testimony presents two distinct questions, and it must be conceded that they are not entirely free from difficulty. The first is whether the defendant has ever discharged the note; and the second that, in case he has discharged it, whether it is such a discharge as releases him from his legal liability to the plaintiffs.— There can be but little doubt from the testimony of Trapnall, when considered in connection with the letter of the plaintiffs purporting to enclose the note to him, that the note actually came into his possession. If the note really did reach the hands of Trapnall for collection, and that it did we consider sufficiently shown, the greatest extent that the defendant could claim would be that it was handed over to Pitcher by him or Cocke, his partner, and that he had discharged it with bacon in the hands of Pitcher.— This is the strongest possible view of the case in favor of the defendant that the testimony could be brought to countenance, and even this concession would be not only without the aid, but in direct opposition to the testimony of Trapnall. It is believed that illegal testimony was permitted to go to the jury but without objection at the time, and consequently we are now bound to give to the whole such weight as we may think it entitled to under all the circumstances of the case. But suppose we should put it upon the ground that Pitcher obtained the note from Trapnall or Cocke, the question still recurs whether it has been discharged by Norris in such a manner as to preclude the plaintiffs from a recovery in this suit. Could Trap-nall & Cocke who held the note under a general retainer to collect it, and without any authority to substitute others in their place, delegate their authority to Pitcher. In the case of Johnson vs. Cunningham (V. 1. N. S. Alabama Reports p. 258) the Court held that an attorney at law, in virtue of his ordinary powers, could not delegate his authority to another so as to raise a privity between such third person and his principal; or to confer on him, as to his principal, his own rights, duties and obligations. And if there was anything in the nature of the employment from which a delegation of the authority might be implied, orto show that it was contemplated by the parties, it should have been shown by proof, and that in the absence of such evidence it is clear that the agreement of the agent of the plaintiffs’ attorney could not bind the plaintiffs. If this doctrine be correct, and that it is, we do not entertain a doubt, it is perfectly manifest that Trapnall & Cocke could not delegate an authority to Pitcher to collect the debt so as to bind their clients by his act. The defendant wholly failed to show any privity between Pitcher and the plaintiffs, and in the absence of such proof, even admitting that he paid the debt to Pitcher, they are not bound to look to him for it, but are still entitled to proceed against the defendant. The last point presented arises upon the instructions. They all assume that the defendant had made a prima facie case, and one from which the jury were authorized to infer a payment of the note. The instructions were good so far as they extended, but we do not think that they covered sufficient ground, as the testimony, if not conclusive, was very strong to show that Trap-nall & Cocke once had the note under a general retainer to collect, and it most clearly failed to establish any privity between Pitcher and the plaintiffs. With these facts before the jury the bare possession of Pitcher did not carry the presumption of authority to collect it, and that presumption could only have arisen upon proof of a privity between Pitcher and the plaintiffs. It is conceded that, as a general rule, the bare possession of negotiable paper raises a presumption of authority to collect, yet that is a mere legal presumption, and consequently liable to be rebutted by proof. We think that the circumstances of this case fully rebutted the presumption arising from possession, and that the defendant was called upon before he could claim a verdict to show an authority from the plaintiffs to Pitcher. This he did not do, and consequently the instructions were not authorized by the state of facts. The judgment of the Circuit Court of Pope county herein rendered, must, therefore, be reversed and the cause remanded.